MAGERDITCH S. BERBERIAN *vs.* JOSEPH E. MILLER, INC.

JUNE 14, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

MURDOCK, J. This is an action in assumpsit to recover a balance alleged to be due on a contract. A jury in the Superior Court returned a verdict for the plaintiff and the case is here on defendant's exceptions to rulings on the admissibility of testimony and to the decision of the trial justice denying defendant's motion for a new trial.

The defendant is a manufacturer of jewelry. The plaintiff is an enameler. In 1920 the parties made an oral agreement whereby the plaintiff assumed the management of defendant's enameling department. The terms of the agreement were not precisely defined and are in part the subject-matter of the dispute between the parties. However, they are in accord on the main terms of the agreement.

The plaintiff was to assume the management of defendant's enameling department. He was to be charged with certain items of overhead and the material used in his department. He was to be credited, according to his version of the agreement, for the enameling done by him at the same rate as was charged by independent enamelers for similar work. Among the items of overhead was a charge for electric current used in two ovens. Plaintiff maintains that this charge should be for the actual cost of such current but defendant says the agreement was that a flat charge of $35 a month was to be made. Plaintiff called as a witness an employee of the Narragansett Electric Lighting Co. who, over defendant's objection, testified as to the total number of kilowatt hours charged against the defendant, and the number of kilowatt hours charged against the electric ovens as indicated by the meter through which the current consumed in the ovens passed. He then applied the special rate given the defendant for the current consumed in its plant to the amount used by the electric ovens and gave the amount chargeable to the ovens as figured on

this basis. The admission of this testimony is the ground for defendant's first exception. If the plaintiff's version of the agreement in respect to this item were accepted by the jury as true, it would appear that there was no other way for plaintiff to prove his claim for an overcharge for the electric current used by him in his department. We see no error in the admissibility of this testimony and defendant's exception thereto is overruled.

Defendant's next exception is to the decision denying its motion for a new trial on the ground that the verdict is against the law and the weight of the evidence.

The books in which the transactions between the parties were recorded were kept by defendant. When plaintiff finished a quantity of goods he was given a slip which was made out in duplicate, or triplicate as defendant says, one of these slips went to the bookkeeper who entered, or was supposed to enter, a credit to the plaintiff for the work performed. The amount due the plaintiff as indicated by the slips retained by him is greater than the credit allowed him on defendant's books. Defendant's copy of the credit slips has been destroyed but it is urged that defendant's books, kept by a competent bookkeeper, offer the only reliable record of the transactions between the parties.

The reasons advanced by the defendant in explanation of the discrepancies were proper to address to the jury, but they are not sufficient in law to warrant a reversal of the verdict. The other items in dispute were subject to conflict of the testimony and were properly left for determination by the jury.

Defendant now, apparently for the first time, contends that an item of $175 for tools and merchandise which the plaintiff was not permitted to take with him when the relations between the parties were terminated, cannot be recovered in the present action as the evidence shows that there was a conversion of these articles. In some cases of conversion the plaintiff may waive the tort and bring his action in assumpsit. Both parties proceeded to trial on

the action as brought. The trial justice charged the jury with reference to all the items in plaintiff's bill of particulars and as the charge was not objected to it became the law of the case.

Defendant further contends that plaintiff cannot recover because there was an account stated between the parties. The record does not sustain this contention. The plaintiff did not receive an accounting until after three or four months after he commenced work but he had been paid on account from time to time in the meantime.

On receipt of his first account he observed the charge of $35 a month for electric current and he immediately protested to the bookkeeper. When he found that he was not being credited at the same rate as was being paid outside enamelers he made a further protest; and after the termination of his employment when he was given a statement which the defendant said was the final statement, he sought an interview with the manager of the defendant in order to straighten out the account which he says he did not accept as final.

Defendant relies upon *Greene* v. *Harris,* 11 R. I. 5 and 1 R. C. L. 208. In the *Greene* v. *Harris* case this court said: "It is not necessary, in order to give to the accounts the weight and quality of stated accounts, that they should have been examined and approved. . . . There are many circumstances to be considered, such as length of time, acquiescence and the fact that the party has acted upon them to his injury." In 1 R. C. L. at 213, upon which defendant also relies, the law is stated as follows: "An account which has been rendered and to which no objection has been made within a reasonable time should be regarded as admitted by the person charged as *prima facie* correct. This wholesome presumption rests on the principle which is the foundation of evidence of this kind, namely, that the silence of the receiver of the account warrants the inference of an admission of its correctness."

The facts of the present case did not bring it within the rule thus enunciated. The plaintiff was not silent. The balance alleged to be due him as appears from the defendant's final statement was affected by what the plaintiff claimed was an improper charge running from the first statement rendered. It was also affected by the plaintiff's claim that he had been credited at the rate of one and one-quarter cents when he should have been credited at the rate of one and one-half cents.

Plaintiff's position with respect to these accounts appears to have been known to the defendant through its agents almost from the inception of the plaintiff's employment and the defendant therefore had no reasonable ground to conclude that its final statement was accepted by the plaintiff as an account stated between them.

All defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Walling & Walling, Lester S. Walling, Ambrose W. Carroll,* for plaintiff.

*Philip V. Marcus,* for defendant.